AMERICAN–HUNGARIAN PUB. CO. v. MILES BROS.

(Supreme Court, Appellate Term.   June 2, 1910.)

1. DAMAGES (§ 23*)—BREACH OF CONTRACT—CONTEMPLATION OF PARTIES.
   All damages resulting from the breach of a contract, in contemplation of the parties when the contract was made, are recoverable in an action for its breach.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 58, 62; Dec. Dig. § 23.*]

2. DAMAGES (§ 120*)—BREACH OF CONTRACT—MEASURE.
   In an action for breach of defendant's contract with plaintiff publishing company to furnish a moving picture machine and operator for displaying pictures, election returns, and advertisements on election night, when plaintiff expected to distribute a special edition of its paper, and secured advertisements upon which it would make a certain profit, plaintiff's expenses in preparing and advertising the display and preparing the special edition were proper elements of damage, but its loss of profits on the contracts for advertising in the special edition was not a proper

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

element of damages without first deducting the cost of producing the edition.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 120.*]

Appeal from City Court of New York, Trial Term.

Action by the American-Hungarian Publishing Company against Miles Bros. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and new trial ordered, unless plaintiff agrees to reduce the judgment, in which event it is affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

McDonald & Bostwick, for appellant.
Morris Cukor, for respondent.

LEHMAN, J. Since the verdict of the jury has determined all disputed questions of fact in favor of the plaintiff, we are bound to hold for the purposes of this appeal that the defendant agreed to furnish suitable paraphernalia and a competent operator for displaying moving pictures, election returns, and advertisements on election night; that the parties contemplated that this display was part of a general advertising scheme of the plaintiff; that it expected to collect a large number of Hungarians in front of its building to whom it would distribute free of charge a special election night edition and secured advertisements upon which it should have made a profit of $300. The defendant broke its contract. The display was not held. The crowd that had collected melted away, and the plaintiff could not distribute its special edition printed in Hungarian to the crowd.

The trial justice correctly charged the jury that, regardless of the amount of the consideration paid by the plaintiff for the defendant's undertaking, it is entitled to recover all damages resulting from its breach within the contemplation of the parties. The items of damage shown on the trial fall into three classes—the cost of preparing and advertising the display amounted to $161; the cost of preparing the special edition was $235.80; the loss on advertising contracts was $300, or a total of $696.80. As far as this record shows, the plaintiff claims that a clever advertising scheme has been rendered abortive by the defendant's breach of contract. Accurate proof of the value of the advertising which it would have derived if the scheme had not failed is impossible, but, under the peculiar circumstances of the case, proof of the expenses of the plaintiff in preparing and advertising the display and preparing the special edition was properly admitted and these expenses form a proper element of damages. The loss of profit on the contracts for advertising to be inserted in the special edition was not a proper element of damages. These contracts were dependent upon the display and the special edition. The cost of preparation was necessary to procure these contracts, and the price of these contracts would, if received, have reduced this cost to the plaintiff. The plaintiff on proper proof would be entitled to damages for the value of the display as an advertising scheme and also to the profits on the special edition, but it would not be entitled to the costs incurred in the

preparation of the display and the special edition and to the profits of the edition without deducting the cost.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to the sum of $398.80 and costs, and, if so reduced, the judgment should be affirmed, without costs upon this appeal.

GIEGERICH, J., concurs.  GOFF, J., concurs in the result.